IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

AUG 9 2012

CLERK, US DISTRICT COURT
NORFOLK, VA

**CERTAIN INSTITUTE COMPANIES
AND LLOYDS SYNDICATES SUBSCRIBING
TO POLICY NUMBER JC487009, RLI
INSURANCE COMPANY, THE TRAVELERS
COMPANIES, GREAT AMERICAN INSURANCE
COMPANY, MITSUI SUMITOMO INSURANCE
COMPANY OF AMERICA, TOKIO MARINE &
NICHIDO FIRE INSURANCE COMPANY, LTD.
(UNITED STATES BRANCH), XL SPECIALTY
INSURANCE COMPANY, ASTRO II and THE
BOEING COMPANY**

        **Plaintiffs,**

        v.                                **CIVIL ACTION NO. 2:12cv31**

**J&J TRUCKIN LLC**

And

**THEODORE TAYLOR,**

        **Defendants.**

### *MEMORANDUM OPINION & ORDER*

Before the Court is Defendant Theodore Taylor's ("Taylor") Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) against Plaintiffs Certain Institute Companies and Lloyds Syndicates Subscribing to Policy Number JC487009, RLI Insurance Company, The Travelers Companies, Great American Insurance Company, Mitsui Sumitomo Insurance Company of American, Tokio Marine & Nichido Fire Insurance Company, Ltd. (United States Branch), XL Specialty Insurance Company, and Astro II, a captive insurance company of The Boeing Company

and The Boeing Company (collectively, "Plaintiffs"). For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED.**

## I. FACTUAL & PROCEDURAL HISTORY

On or about May 22, 2009, The Boeing Company, or its customer, shipped from Baltimore, Maryland an over height radar antenna ("the Shipment") to be delivered to Northrop Grumman Corporation ("Northrop Grumman") in Norfolk, Virginia for use in commercial airplanes. Am. Compl. ¶ 9. The Shipment was 14 feet, 10 ½ inches high and was listed on its permit application as 14 feet, 11 inches high. Am. Compl. ¶ 10. Defendant J&J Truckin was responsible for transporting and carrying the Shipment to Northrop Grumman. Am. Compl. ¶ 11.

Plaintiffs claim that the Virginia Department of Transportation ("V-DOT"), by its hauling technician, Defendant Taylor, chose a route for the Shipment which included going under an overpass at Route 54 over Route 95 in Virginia that was listed in their records as 14 feet, 7 inches high.[1] Am. Compl. ¶¶ 8, 10. They argue that Taylor failed to comply with state procedures as set forth in the Virginia Hauling Permit Manual, requiring him to verify that a route will meet the parameters of a truck. Am. Compl. ¶ 10. On May 21, 2009, while traveling on Interstate 95, the Shipment struck a bridge overpass whose height was unmarked. Am. Compl. ¶ 13.

Plaintiffs insured the Shipment and paid an insurance claim. Subsequently, on January 31, 2012, they filed an Amended Complaint in this Court alleging five counts against Defendants J&J Truckin, Carlton Express, Inc., Kimbera Derr d/b/a Kim's Flag Car, and Theodore Taylor. Plaintiffs' Amended Complaint lays out claims for Breach of Duties under The Carmack Amendment against Defendant J&J Truckin (Count I), Breach of Contract against Defendant J&J

---

[1] In his Memorandum of Law in Support of the Motion to Dismiss, Defendant Taylor maintains that he was an employee of the Virginia Department of Motor Vehicles and not a former employee of V-DOT. Mem. Law. Supp. Mot. Dismiss 1.

2

Truckin (Count II), Bailment against Defendant J&J Truckin (Count III), Negligence and/or Gross Negligence and/or Recklessness and/or Willful Conduct against all Defendants (Count IV), & Negligence Per Se against Defendants J&J Truckin and Taylor (Count V).[2] The Amended Complaint seeks damages in the amount of $1,300,000.

On March 6, 2012, Defendant Taylor filed the instant Motion to Dismiss the portions of Counts IV and V which pertain to him. In order to fully adjudicate this matter, the Court held a hearing on the motion on July 30, 2012.

## II. LEGAL STANDARD

A motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of a complaint. Federal Rule of Civil Procedure 8 only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a plaintiff must still provide the Court with more than a mere "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must be supported by factual allegations that raise a right to relief above the speculative level. *Id.* In fact, a claim is considered facially plausible when the plaintiff gives the court more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

## III. DISCUSSION

Taylor asserts that, because he was a state employee acting in his official capacity, he is entitled to sovereign immunity on Plaintiffs' claims. Mem. Supp. 3. He further claims that because the Amended Complaint raises only allegations of simple negligence and not gross negligence, the Plaintiffs cannot recover. *Id.*

---

[2] On April 13, 2012, by voluntary motion of the Plaintiffs, the Court dismissed Defendants Carlton Express and Kimbera Derr from this action.

3

The Plaintiffs argue that Taylor is not entitled to sovereign immunity because his duties as a hauling permit technician were ministerial in nature. Mem Opp'n Law Mot. Dismiss 3. Additionally, the Plaintiffs believe that, even if the Court finds that Taylor is entitled to sovereign immunity, they have sufficiently pled a claim for gross negligence bypassing the doctrine of sovereign immunity. *Id.* at 6-7.

## A. Sovereign Immunity

"[N]o single all-inclusive rule can be enunciated or applied in determining entitlement to sovereign immunity." *James v. Jane*, 282 S.E.2d 864, 869 (Va. 1980). However, the Virginia Supreme Court has reasoned that ". . . the question of whether a particular act is entitled to the protection of sovereign immunity depends upon whether the act under consideration is classified as discretionary or ministerial in nature." *Colby v. Boyden*, 400 S.E.2d 184, 186 (Va. 1991).

To determine whether an act is ministerial or discretionary, Virginia courts employ a four-factor test as enunciated in *James* and reiterated in *Messina v. Burden.* The four factors include: "(1) the nature of the function performed by the employee; (2) the extent of the state's interest and involvement in the function; (3) the degree of control and direction exercised by the state over the employee; and (4) whether the act complained of involved the use of judgment and discretion." *See Messina v. Burden*, 321 S.E.2d 657, 663 (Va. 1984).

Based on the *James* test, the Court concludes that Taylor's job as a hauling permit technician requires discretionary acts. First, the Court finds that the state has great interest in controlling the issuance of excessive size and weight vehicle permits to ensure safety on its highways. Therefore, the question of whether Taylor is entitled to sovereign immunity in this case

4

turns largely on whether the nature and function he performed involved the use of judgment and discretion.

Section 46.2-1139(A) of the Virginia code outlines the requirements for issuing permits to vehicles of excessive size and weight:

> The Commissioner and local authorities of cities and towns, in their respective jurisdictions, *may*, upon written application and good cause being shown, issue a permit authorizing the application to operate on a highway a vehicle of a size or weight exceeding the maximum specified in this title. Any such permit *may* designate the route to be traversed and contain any other restrictions or conditions deemed necessary by the body granting the permit.

(emphasis added). The statutory language itself calls for discretion in determining whether to grant a permit. Defendant Taylor was responsible for issuing search permits and mapping routes for vehicles to follow. The allegations contained within the Plaintiffs' Amended Complaint also suggest that Taylor's duties were discretionary. Plaintiffs allege that Taylor "selected the route for the Shipment" and "issued the permit." Am. Compl. ¶ 8. Moreover, they contend that Taylor was supposed to "verify the route will fit parameters of truck, based upon customer information, using various resources." Am. Compl. ¶ 10. Each of these acts Plaintiffs pled suggests that Taylor had discretion to select a route from among alternatives and choose whether to grant a permit.

In support of their claim that Taylor's duties were ministerial, Plaintiffs cite to the Virginia Tort Liability handbook, which reads:

> Traditionally, **sovereign immunity** has extended to employees of immune government entities. The Act preserved the immunity enjoyed by government employees, but the protection of immunity covers only some employee actions.
>
> A government employee is liable for negligence in performing a **ministerial act**. A **ministerial act** is one that an employee performs in a prescribed manner in obedience to authority without the exercise of his or her own judgment. Typically, these acts are clearly defined tasks performed with minimum leeway as to personal judgment, and they do not require the weighing of alternatives. (A commonly cited example is highway maintenance.).

> Nevertheless, when an act is considered **discretionary** or **supervisory**, a government employee may be protected by immunity. An act is considered to be **discretionary** if it has the following characteristics: (1) *an authorized individual or agency gave the employee the power and duty to make a decision;* (2) *the decision was made from a set of valid alternatives; and* (3) *the employee or agency exercised independent judgment in making the selection.* **Discretionary** acts are also called planning functions, such as design, allocation of resources, and allocation of labor.

"Tort Liability. A Handbook for Employees of the Virginia Department of Transportation and Virginia Municipal Corporations," (Virginia Transportation Records Council, May 2003) (hereinafter, "the Handbook") (emphasis in original).

Even relying upon the Plaintiffs' proposed explanation of discretionary and ministerial acts as found in the Handbook, the Court's conclusion remains unchanged. There is no dispute among the parties about whether Taylor was given the power to make a decision as mentioned above. Additionally, factors two and three from the Handbook weigh in favor of Taylor. He clearly had the option of choosing from a valid set of alternatives, using various resources in determining whether to grant a permit and in determining which route to use to guide the Shipment. Plaintiffs' counsel admitted at the hearing that there was at least one alternative route that Taylor could have chosen which would have safely guided the Shipment to its destination. Simply because Taylor may have failed to choose the proper route or failed to perform his duties correctly does not alter the Court's conclusion that he had the discretion to *choose* a correct route. The information the parties provided the Court shows that Taylor's job required him to rely upon independent judgment in the hauling permit process.

The only remaining factor—the degree of control and direction exercised by the state over the employee—is of less importance on the facts of this case, but this factor still weighs in favor of granting Taylor sovereign immunity. The state did exercise some control and direction over

Taylor by codifying many of his duties, but it empowered Taylor and other similarly situated employees with discretion in performing their jobs. Conducting this analysis of the *James* test leads the Court to determine that Taylor is entitled to sovereign immunity.

Finally, the Court recognizes that there is minimal case law addressing the issue of sovereign immunity in the specific context the parties have brought before the Court. The Plaintiffs cite to a California case they argue should govern the Court's ruling while the Defendant cites to an Indiana case he maintains is more closely analogous to the case at bar. In *Hill v. The People ex rel. Dept. of Transp.*, 154 Cal. Rptr. 142, 146 (Cal. Ct. App. 1979) to which Plaintiffs cite and *Crossno v. State of Indiana*, 726 N.E.2d 375, 380 (Ind. Ct. App. 2000) to which Defendant cites, the California and Indiana courts reach contrasting conclusions about whether the act of issuing a hauling permit involves discretion.

While neither courts' holding is binding in this district, the Court finds instructive the Indiana court's emphasis on the statutory language's use of the word "may" which reads a level of discretion into the acts of employees tasked with carrying out those statutory duties. *See Crossno*, 726 N.E.2d at 380. It is the Court's conclusion that the statutory language considered contemporaneously with the Court's understanding of Taylor's duties necessitates a finding that he is entitled to sovereign immunity.

### B. Gross Negligence (Count IV)

Notwithstanding the Court's conclusion that Taylor is entitled to sovereign immunity, "[i]n Virginia, a government agent entitled to protection of sovereign immunity is not immunized from suit. Rather, the degree of negligence which must be shown to impose liability is elevated from simple to gross negligence." *Colby v. Boyden*, 400 S.E.2d 184, 186 (Va. 1991) (citations omitted).

In other words, "[a] state employee who acts wantonly, or in a culpable or grossly negligent manner, is not protected." *James*, 282 S.E.2d at 869.

"Gross negligence is defined as that degree of negligence 'which shows indifference to others, disregarding prudence to the level that safety of others is completely neglected. Gross negligence is negligence which shocks fair-minded people, but is less than willful recklessness.' " *Gedrich v. Fairfax Cnty. Dept. of Family Servs.*, 282 F. Supp. 2d 439, 475 (E.D. Va. 2003). The central statement pertaining to gross negligence in the Amended Complaint provides:

> Defendants directly or through their employees, agents or independent contractors, each negligently, with gross negligence, recklessly and/or willfully failed to exercise the degree of care in relation to the Shipment which a reasonably careful man would exercise under the circumstances, and/or negligently, with gross negligence, recklessly and /or willfully failed to manage the shipping process and/or permit process and/or to handle the Shipment such as was required to be safe and would be sufficient to prevent the damage to the Shipment.

Am. Compl. ¶ 29.

Plaintiffs argue that whether Taylor's actions constitute gross negligence should be an issue for discovery and ultimately a jury question. Mem. Opp'n 6; *see also Gedrich*, 282 F. Supp. 2d at 475 ("Whether certain behavior constitutes gross negligence is 'generally a factual matter for resolution by the jury and becomes a question of law only when reasonable people cannot differ.' ") (internal citation omitted). The Court finds that the above statement amounts to a mere recitation that Defendant Taylor was allegedly grossly negligent without providing any factual support for the allegation. In support of their gross negligence claim, Plaintiffs incorporate by reference paragraph 10 of the Amended Complaint. Paragraph 10 outlines Taylor's failure to comply with state procedures which Plaintiffs submit ultimately led to the destruction of a Boeing radar unit and $1.3 million damage. Mem. Opp'n 6.

For the issue of gross negligence to become an "issue for discovery" or a "jury question," Plaintiffs first must satisfy the requirements of Rule 12(b)(6). Aside from the scant allegations contained within paragraph 10 and paragraph 29 of the Amended Complaint, Plaintiffs have failed to plead their claim of gross negligence with any specificity. While the Court is required to take the factual allegations of a complaint as true, those factual allegations must have sufficient support to rise above mere speculation. *Twombly*, 550 U.S. at 555. In reading the Amended Complaint in the light most favorable to the Plaintiffs, it is clear to the Court that the Plaintiffs have failed to allege anything other than simple negligence against Taylor. The Court cannot conclude that Taylor's failure to perform his duties as alleged in the Amended Complaint would shock fair-minded people.[3]

Therefore, the Court finds that Plaintiffs have failed to satisfy the requirements of Rule 12(b)(6) with respect to their claim of gross negligence. Thus, the Court dismisses the claims of Count IV relating to Defendant Taylor.

### C. Negligence Per Se (Count V)

Count V of the Amended Complaint alleges that Defendants J&J Truckin and Taylor are liable for negligence per se. Specifically, Plaintiffs allege that Defendant Taylor violated Va. Code § 46.2-1139. Am. Compl. ¶ 33. However, because the Court has determined that Taylor is entitled to sovereign immunity, claims of negligence rooted in anything other than gross negligence cannot remain. *See Colby*, 400 S.E.2d at 186 (requiring proof of gross negligence to overcome defense of sovereign immunity).

---

[3] In addition to the allegations contained within the Amended Complaint, Plaintiffs have attempted to argue new facts (e.g., that the verification process never occurred at all) in their pleadings and at the hearing before the Court that were not contained in their Amended Complaint. *See* Mem Opp'n 7. However, in ruling on a motion to dismiss and testing the legal sufficiency of the Amended Complaint, the Court must only consider the face of the Amended Complaint, any exhibits attached to it, and matters of public record. *See, e.g., Moore v. Flagstar Bank*, 6 F. Supp. 2d 496, 500 (E.D. Va. 1997).

Accordingly, the Court dismisses the claims of Count V relating to Defendant Taylor.

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that Defendant Taylor's Motion to Dismiss those portions of Counts IV and V of the Amended Complaint which pertain to him is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' are granted leave to file a Second Amended Complaint in this Court within fifteen (15) days from the date of this Order.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
August 7, 2012